IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGIA BIRDWELL, and JANET L. ROBERTSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. CIV-04-1594-M<br>) |
| COMPRESSCO FIELD SERVICE, and MIMS TALTON, individually and in his official capacity as owner of Compressco Field Services, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is defendants' Motion for Partial Dismissal and/or Motion to Compel Remaining Claims to Arbitration, filed February 17, 2005. On March 17, 2005, plaintiffs filed their response, and on April 5, 2005, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiffs have sued their former employer, Compressco Field Service ("Compressco") and its owner, Mims Talton ("Talton"), alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and gender discrimination in violation of Title VII of the Civil Rights Act ("Title VII"). Plaintiff Georgia Birdwell ("Birdwell") also alleges defendants violated the Family Medical Leave Act ("FMLA").

In March, 2001, Compressco instituted an arbitration policy. Compressco's Arbitration Policy provides, in pertinent part:

> If an employment dispute arises while you are employed at Compressco, Compressco requests that you agree to submit any such dispute arising out of your employment or the termination of your

> employment (including, but not limited to, claims of unlawful termination based on race, sex, age, national origin, disability, breach of contract or any other bias prohibited by law) exclusively to binding arbitration under the federal Arbitration Act, 9 U.S.C., Section 1. Similarly, any disputes arising during your employment involving claims of unlawful discrimination or harassment under federal or state statutes shall be submitted exclusively to binding arbitration under the above provisions. This arbitration shall be the exclusive means of resolving any dispute arising out of your employment or termination from employment by Compressco or you, and no other action can be brought by employees in any court or any forum.
>
> By simply accepting or continuing employment with Compressco, you automatically agree that arbitration is the exclusive remedy for all disputes arising out of or related to your employment with Compressco and you agree to waive all rights to a civil court action regarding your employment and the termination of your employment with Compressco; only the arbitrator, and not a judge nor a jury, will decide the dispute.
>
> \*       \*       \*
>
> You and Compressco shall each bear respective costs for legal representation at any such arbitration. The cost of the arbitrator and court reporter, if any, shall be shared equally by the parties.

Arbitration Policy, attached as Exhibit 6 to defendants' Motion for Partial Dismissal and/or Motion to Compel Remaining Claims to Arbitration. Additionally, the Acknowledgment of and Agreement with Compressco Arbitration Policy form provides, in pertinent part:

> I further agree that, in accordance with Compressco's Arbitration Policy, that I will submit any dispute – including but not limited to my termination – arising under or involving my employment with Compressco to binding arbitration within one (1) year from the date the dispute first arose. I agree that arbitration shall be the exclusive forum for resolving all disputes arising out of or involving my employment with Compressco or the termination of that employment. I agree that I will be entitled to legal representation, at my own cost, during arbitration. I further understand that I will be responsible for half of the cost of the arbitrator and any incidental costs of arbitration.

2

Acknowledgment of and Agreement with Compressco Arbitration Policy, attached as Exhibit 6 to defendants' Motion for Partial Dismissal and/or Motion to Compel Remaining Claims to Arbitration.

Defendants now move the Court to dismiss Birdwell's age and gender discrimination claims as time-barred and to compel plaintiffs' remaining claims to arbitration.

II.  Discussion

   A.  Motion to dismiss

Defendants assert that Birdwell's age and gender discrimination claims are time-barred.  In her response, Birdwell concedes that she did not timely file her discrimination claims.  In light of this concession, the Court finds that defendants' motion to dismiss should be granted and that Birdwell's ADEA and Title VII claims should be dismissed.

   B.  Motion to compel arbitration

Based upon Compressco's Arbitration Policy, defendants assert that plaintiffs' remaining claims should be compelled to arbitration.  Plaintiffs, however, contend that Compressco's Arbitration Policy is unenforceable because it requires them to pay a portion of the arbitration costs, and, thus, their claims are not subject to arbitration.[1]

A mandatory arbitration agreement which requires an employee to pay a portion of the arbitrator's fees is unenforceable under the Federal Arbitration Act because it fails to provide an accessible forum in which the employee can resolve his statutory rights.  *Shankle v. B-G Maint.*

---

[1] Plaintiffs also contend that the arbitration policy is unenforceable for a variety of other reasons.  Based upon this Court's finding that the arbitration policy is unenforceable because it requires plaintiffs to pay a portion of the arbitration costs, the Court will not address these additional reasons.

*Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1233-35 (10th Cir. 1999).[2]  In the case at bar, the arbitration policy, as well as the acknowledgment form, requires the employee to pay half the arbitration costs. Additionally, plaintiffs have submitted affidavits showing the likely arbitration costs and showing that they cannot afford to pay their portion of these costs.  Accordingly, the Court finds that plaintiffs have demonstrated that the cost-splitting provision in Compressco's Arbitration Policy is likely to prevent them from vindicating their statutory rights by effectively barring them from the only forum available under the policy.

In its reply, Compressco argues that plaintiffs are not deprived of a proper forum to vindicate their claims because it will agree to pay the arbitrator's fees in relation to the arbitration of plaintiffs' disputes.  Compressco's argument, however, is unavailing.  *See Perez v. Hospitality Ventures-Denver LLC*, 245 F. Supp. 2d 1172 (D. Colo. 2003).  First, Compressco has presented no evidence that plaintiffs have accepted its offer to pay the arbitrator's fees.  In fact, plaintiffs' arguments based upon the existence of the cost-splitting provision would indicate that plaintiffs have not accepted Compressco's offer.  Second, defendants are seeking to enforce Compressco's Arbitration Policy. Compressco's current offer to pay the arbitration costs, which directly conflicts with the clear language of the arbitration policy, cannot alter the fact that the arbitration policy, itself, as written, is unenforceable.

---

[2] The Supreme Court's decision in *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000), did not completely abrogate the holding in *Shankle*.  In *Green Tree*, the Supreme Court held that where "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs," thereby adopting a case-by-case approach to determining whether an arbitration policy is unenforceable on this ground.  *Green Tree*, 531 U.S. at 92.  Further, in *Green Tree*, the arbitration agreement at issue did not state who was to bear arbitration costs, and the employee failed to make a factual showing that she was likely to incur prohibitive expenses; neither circumstance is present in the case at bar.

Accordingly, because Compressco's Arbitration Policy is unenforceable, the Court finds that arbitration of plaintiffs' remaining claims should not be compelled.

III.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Motion for Partial Dismissal and/or Motion to Compel Remaining Claims to Arbitration [docket no. 13] as follows:

A.   The Court GRANTS defendants' Motion for Partial Dismissal and DISMISSES Birdwell's ADEA and Title VII claims, and

B.   The Court DENIES defendants' Motion to Compel Remaining Claims to Arbitration.

**IT IS SO ORDERED this 13th day of September, 2005.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE