IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGIA BIRDWELL; | ) | |
| JANET L. ROBERTSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-04-1594-M |
| | ) | |
| COMPRESSCO FIELD SERVICE; | ) | |
| MIMS TALTON, individually and in his | ) | |
| official capacity as owner of Compressco | ) | |
| Field Services, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants' Motion to Sever Plaintiffs' Claims, filed January 25, 2006. On February 13, 2006, plaintiffs filed their response. Also before the Court is the parties' Joint Expedited Motion to Stay and/or Continue Deadlines, filed February 15, 2006.

I.    Background

On November 22, 2004, plaintiffs Georgia Birdwell ("Birdwell") and Janet L. Robertson ("Robertson") filed the instant action against their former employer, defendant Compressco Field Services ("Compressco"), alleging discrimination in violation of the Age Discrimination in Employment Act and gender discrimination in violation of Title VII of the Civil Rights Act. In addition to these claims, Birdwell also alleged that Compressco and Mims Talton, in his individual capacity, violated the Family Medical Leave Act.

On September 13, 2005, the Court granted defendants' motion for partial dismissal and dismissed Birdwell's age and gender discrimination claims. On November 2, 2005, the Court conducted a Status and Scheduling Conference and set this case on the Court's May, 2006 trial docket.

II.   Motion to Sever

Defendants move this Court to sever Birdwell's claims and Robertson's claims. Defendants assert that each plaintiff alleges distinct claims that do not arise out of the same transaction or occurrence and that do not give rise to a common question of fact.

Federal Rule of Civil Procedure 20(a) provides, in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a).

Further, Federal Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

With the dismissal of Birdwell's age and gender discrimination claims, the Court finds that Birdwell and Robertson no longer have any claim in common and that their claims do not arise out of the same transaction or occurrence and that there is no common questions of law or fact that arise in this action. Accordingly, the Court finds that, pursuant to Rule 21, Birdwell's claims and Robertson's claims should be severed.

In their response to defendants' motion to sever, plaintiffs state that they do not object to the severance of the trials on the condition that defendants assume the cost of the filing fee if a separate case number is necessary and that the parties agree to consolidate these cases for discovery purposes

only. Further, if severance is granted, plaintiffs request a separate scheduling order for the severed claims and request that the Court order defendants to accept service of the severed case to avoid further delay and unnecessary expense in obtaining service of process for the severed case.

The Court has carefully considered plaintiffs' requests. While the severed claims must be brought in a new case,[1] the Court finds that the filing fee for the new case should be waived. The Court further finds that these cases should be consolidated for discovery purposes. Additionally, the Court finds that defendants should be required to accept service of the new case to avoid further delay and unnecessary expense. Finally, the Court would note that a new scheduling order will be entered in the new case subsequent to the filing of the answer in that case.

### III. Motion to Stay and/or Continue Deadlines

Based upon the pending motion to sever, the parties filed a motion to stay and/or continue deadlines in this matter. As set forth above, the Court is granting defendants' motion to sever and is requiring Birdwell to file a new, separate case, which will have its own separate scheduling order. Because the pending motion to sever was the sole basis for the motion to stay and/or continue deadlines, and in light of the Court's ruling on the motion to sever, the Court finds the instant motion to stay and/or continue deadlines is now MOOT.[2]

---

[1] As set forth below, Birdwell is directed to file a new, separate Complaint with the Clerk of the Court.

[2] Because the only claims remaining in the instant action are Robertson's claims, the Court finds no need to continue the instant action from the Court's May, 2006 trial docket.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court:

(1) GRANTS defendants' Motion to Sever Plaintiffs' Claims [docket no. 30];

(2) DIRECTS Robertson to file an Amended Complaint in this case by March 6, 2006;

(3) DISMISSES Birdwell's claims without prejudice and DIRECTS Birdwell to file a separate, individual Complaint with the Clerk of the Court by March 6, 2006;

(4) WAIVES the filing fee for the new action Birdwell will be filing;

(5) DIRECTS defendants to accept service of the new action to be filed by Birdwell; and

(6) DENIES the parties' Joint Expedited Motion to Stay and/or Continue Deadlines [docket no. 37] as MOOT.

**IT IS SO ORDERED this 22nd day of February, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE